WALTER H. ROSS *vs.* CYNTHIA B. ROSS & others.

Hampden.   Sept. 27, 1876. — Sept. 5, 1877.   COLT, MORTON & SOULE, JJ., absent.

Where A. claims the rights of a child and an heir in an intestate's estate under an indenture between the intestate and wife and A.'s father, and also under an adoption, according to a statute and a judicial decree, the question of his rights under the contract will not be determined by a bill in equity until his status as a child of the intestate has been settled in an action at law or in the Probate Court.

BILL IN EQUITY against the administrators and heirs at law of James M. Ross, alleging that James M. Ross died on May 19

1873, having his domicil in this Commonwealth, intestate and without issue; that he left a large estate consisting of both real and personal property, a large part of which was situate in this Commonwealth; that Ross and his wife, Cynthia B., on December 13, 1870, resided in the county of Erie and State of Pennsylvania, and on that day executed an indenture with John W. Smith, the father of the plaintiff, also a citizen of that state, by which the latter gave up all his right and claim to the custody, management and education of his infant son to Ross and his wife, to be by them cared for, nourished and governed as if he had been their child; and consented that the child might be called Walter H. Ross, and by that name be known so long as he should live; that by the indenture Ross and his wife covenanted and agreed to and with the said John W. Smith, that they would adopt the said Walter H. Ross as and for their own child; that the indenture contained the further covenants on the part of James M. and Cynthia B. Ross: "And they do hereby further covenant and agree that said Walter shall inherit and become heir to their estate as if the said Walter were of their own bodies, together; and in case the said James M. and Cynthia B. shall have other children, then in that case the said Walter shall hold, possess and enjoy equal share or shares with the same;" and that "they will authorize, empower and direct their executors and administrators to carry out and enforce the provisions of this indenture."

The bill further alleged that, at May term 1871 of the Court of Common Pleas for the county of Erie and State of Pennsylvania, on the petition of James M. Ross, it was decreed that the plaintiff should assume the name of Walter H. Ross, and have all the rights of a child and heir of James M. Ross; that the defendants denied that the plaintiff, by reason of such adoption, was entitled, under the laws of this Commonwealth, to inherit either the real or personal estate of James M. Ross, or that the contract was binding on his estate; and prayed that the administrators might be directed to execute and deliver to the plaintiff deeds of that portion of the real estate, and to pay over such portion of the personal estate of James M. Ross as he was entitled to receive and inherit as his only child and heir, and under and by virtue of said contract.

The defendants demurred for want of equity, for multifarious-ness, and because the plaintiff had commenced an action at law in this court, against the intestate's estate, embracing substantially the same matters alleged in the bill.

Hearing, upon the pleadings, before *Devens*, J., who reserved the case for the consideration of the full court.

*N. A. Leonard*, for the plaintiff.

*J. M. Ross*, for the defendants.

GRAY, C. J.   The plaintiff claims the rights of a child and an heir in the estate of a citizen of this Commonwealth, who died here intestate and without issue.   This claim is based upon two grounds : 1st. Of contract, under an indenture, by which the intestate and his wife covenanted with the plaintiff's father that they would adopt, maintain and educate the plaintiff as their child, that he should inherit their estate as if he were such, and that they would authorize and direct their executors and administrators to carry out the provisions of the indenture. 2d. Of status, under an adoption of the plaintiff as a child of the intestate, according to a statute and a judicial decree in Pennsylvania, while both parties resided in that state.   Upon consideration of the novel and interesting questions thus presented, we are of opinion that they cannot properly be determined in this form and at this time.

If the plaintiff has the status of a child of the intestate, and is entitled as such to a share of his estate in this Commonwealth, this bill cannot be maintained upon either ground : not upon the first, because there has been no breach of the covenants or obligations of the indenture ; not upon the second, because the bill does not show that the plaintiff needs the interposition of a court of equity to secure his rights.   His title, if any, in the real estate, by virtue of such status, vested in him upon the death of the intestate, cannot be affected by any acts of the administrator or of the next of kin, and may be asserted by action at law ; and as to any rights in the personal estate he can have adequate relief in the Probate Court.   This court, sitting in equity, has no jurisdiction to distribute the estates of intestates, and can give no greater effect to the laws of another state, either by their own force, or by way of comity, than a court of common law or of probate.

As the bill cannot be maintained upon the second ground, in any event; and can be maintained upon the first ground,.if at all, only if the plaintiff has not the status of a child of the intestate in this Commonwealth; the further consideration of the question whether the bill can be maintained upon the ground of contract must be suspended, until the status of the plaintiff shall have been tried and determined in an appropriate form of proceeding. *Ordered accordingly.*